(Hamilton County Court of Common Pleas)

FRANK D. BARKER et al. vs. THE CINCINNATI PRESSED BRICK COMPANY et al.

_____

*Fixtures—Questions of classification where the contention related to machinery used in making brick.*

_____

SAYLER, J.

The Cincinnati Pressed Brick Company, or rather its predecessor, the Hamilton County Brick Company, by a verbal contract leased twenty-five acres of land, with a privilege of purchase at $2,000 an acre, and erected improvements on the land for the manufacture of brick at an expense of $50,-000. The earth of the land was especially adapted to the manufacture of brick. Among other machinery the company placed a boiler built·'in brick and an engine bolted to·a brick foundation. These were used to supply motive power in the plant. A boiler, standing upright on a brick foundation, was used to spray oil on the brick kilns. A pressed brick machine was placed on a brick foundation set four feet in the ground and fastened to it by bolts to keep it firm. This machine is·eight feet high, made of iron, and weighs six or eight tons. It was erected in its place before the wall of the building was completed, and is of such size that it could not be taken·out·of the house with-

out taking it apart or taking out a part of the wall—either of which would be expensive; but it could be taken apart and again put together by a skilled workman without materially damaging the machine. A hopper is placed above the machine into which (through a screen) clay is carried by an endless chain. The machine costs, set up in its place, $3,5000, and would sell for comparatively a small sum on execution. It is used to manufacture brick.

The Brick Company failed to pay rent and abandoned the plant. Judgments were recovered against it, and executions were levied on the above-named machinery. The landlord claims that the machinery are fixtures and a part of the realty, and not subject to sale on execution as personalty.

It seems to me clear, under the rule laid down in Case Manufacturing Co. vs Garven, 45 Ohio St., 289, that the horizontal boiler and engine which were erected in the building for the purpose of supplying power to the machinery, are fixtures; that the upright boiler, standing on a brick foundation, and used to spray oil on the kilns, is not a fixture.

It is more difficult to determine the classification of the brick machine.

Applying the requisites suggested in 1 Ohio St., 511, 530, as giving the safest criterion of a fixture: First. Annexation to the realty. This machine is annexed by bolts to a brick foundation. Second. Appropriation to the use or purpose of that part of the realty.

It was appropriate to the use of the realty; but it does not seem to be more firmly annexed to, or to be more appropriate to the use of the realty than was the kettle in 14 Ohio St., 558, 566, and the kettle was held not to be a fixture. Third. Intention of the party making the annexation: "All that is required of a tenant is to leave the land in as good condition as it was when he received it. When, therefore, a tenant erects expensive structures for carrying on his trade of business, which can be removed without their destruction or material injury to the freehold, the presumption is a rational one, that it was not the intention of the tenant to make them permanent accessories to the freehold, and thereby donations to the owner of it." 1 Ohio St. 531. This presumption would seem to be supported by the acts of the Brick Company in making return of this machine—with other property—as its taxable personal property.

The Brick Company has a verbal agreement with the landlord by which it was stipulated that it could purchase the real estate at $2,000 an acre, but no steps were ever taken to make a purchase, and this right to make a purchase—if a right was given—would hardly overcome the presumption that it intended to make a fixture.

The machinery placed in the mill in 15 O. S., 446, were placed there by the owner of the fee, were adopted to the business of a mill incomplete, and the court held them to be fixtures. But in that case the presumption would well arise that the owner of the fee

intended to make them a part of the freehold—his own property. Ib. 453.

The machine is very heavy, and would have to be taken apart to be removed; but these facts do not determine that they are fixtures. 1 Ohio St., 540; 14 Ohio St., 566.

Under the rule of 45 Ohio St., this machine may be classified as not a fixture, and as "courts have generally declared it to be the policy of the law, to guard against all obstacles in the way of creditors," (1 Ohio St., 538.) I think it should be so classified.

The injunction will be made perpetual as to the horizontal boiler and the engine, and will be dismissed as to the upright boiler and the brick machine; each party to pay his own costs.